380

861 A.2d 884

ESTATE OF James J. CASCARDO, Deceased.

Petition of Anna Maria Cutillo, Joseph Cascardo, Jr. and Vincent Cascardo.

Supreme Court of Pennsylvania.

Nov. 10, 2004.

## ORDER

PER CURIAM.

**AND NOW,** this 10th day of November, 2004, the Petition for Allowance of Appeal is hereby **GRANTED,** the order of the Superior Court is **VACATED,** and this case **REMANDED.** As petitioners' challenge was confined to the application of this statute, and not its facial constitutionality, the Attorney General did not need to be notified. *See Kepple v. Fairman Drilling Co.,* 532 Pa. 304, 615 A.2d 1298 (1992). This case is therefore remanded for the Superior Court to review the merits of this issue. Jurisdiction relinquished.

Justice SAYLOR files a Dissenting Statement.

Justice SAYLOR dissenting.

In *Kepple v. Fairman Drilling Co.,* 532 Pa. 304, 615 A.2d 1298 (1992), the Court distinguished between facial and as-applied constitutional challenges for purposes of providing notification to the Attorney General pursuant to Pennsylvania Rule of Appellate Procedure 521(a), see Pa.R.A.P. 521(a), with notice being required only in former scenario. Here, the legislature has expressly provided that the 2002 amendments

to 20 Pa.C.S.A. § 6205 are to apply to, *inter alia,* "disclaimers made before the effective date of this act to the extent the distribution thereunder is made after the effective date of this act or, if made prior to the effective date, such distribution was consistent with this act." Act of May 16, 2002, P.L. 330, No. 50, § 14(b)(3). Thus, I would view Petitioner's argument before the Superior Court, which sought to attack the retroactive application that is expressly prescribed by section 14(b)(3), as implicating a facial challenge to the amendments. As such, I agree with the Superior Court's conclusion that the claim has been waived for the failure to provide the Attorney General with the requisite notice. See *Kepple,* 532 Pa. at 313, 615 A.2d at 1303 (finding waiver under Rule 521 where the Attorney General was not provided with notice of a facial challenge to a statute's constitutionality).